## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:26-CV-000062 RWS |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff Randy Rindahl's complaint and motion to proceed in forma pauperis. [ECF Nos. 1 and 2]. For the reasons explained below, the Court will deny Plaintiff's motion. Plaintiff will have twenty-one (21) days to pay the $405 filing fee, or this case will be dismissed without prejudice.

Plaintiff is incarcerated at the South Dakota State Penitentiary in Sioux Falls, South Dakota. He brings this action asserting that a judicial complaint he filed against the Honorable Roberto A. Lange in July of 2022 in the Eighth Circuit Court of Appeals, was treated prejudicially and with personal bias.

The PLRA "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of those reforms is what is commonly described as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Publicly-available federal court electronic records show that since 1995, Plaintiff has filed numerous cases in federal district courts across the country. In 2011, Plaintiff was sanctioned under Federal Rule of Civil Procedure 11 for committing fraud on the court. *See Rindahl v. Daugarrd*, 2011 WL 4549151, at *6 (D.S.D. Sept. 29, 2011). As a result, Rindahl is required to "attach a copy of the Report and Recommendation [describing his fraud on the court] and a copy of [the opinion adopting the Report and Recommendation] to any future complaint or initial filing in any state or federal court within the United States." *Id*. Plaintiff failed to do so in this case.

Furthermore, Plaintiff has, while incarcerated, brought at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. *See Rindahl v. Class et al.,* Civ. 95–4207 (D.S.D.1995) (court dismissed action as frivolous); *Rindahl v. Class et al.,* Civ. 96–4116 (D.S.D.1996) (court dismissed action for failure to state a claim); *Rindahl v. Class et al.,* Civ. 96–4117 (court dismissed action for failure to state a claim); *Rindahl v. Weber et al.,* Civ. 08–4041 (D.S.D.2008) (court dismissed action for failure to state a claim); and *Rindahl v. Reisch*, Civ. 10–4004 (D.S.D.2010) (court dismissed action for failure to state a claim). Because Plaintiff has accumulated three strikes, this Court cannot grant him leave to proceed in forma pauperis unless his complaint demonstrates that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Plaintiff filed the instant complaint on or about January 13, 2026, against the United States of America and Michael Gans, the former Circuit Clerk for the Eighth Circuit Court of Appeals. As noted above, Plaintiff complains that a 2022 judicial complaint he filed against a federal court judge was improperly handled by the Eighth Circuit. He seeks monetary relief in this action.

Having thoroughly reviewed and liberally construed the complaint, the Court finds that it does not demonstrate that Plaintiff is under imminent danger of serious physical injury. Therefore, this Court is unable to grant Plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(g). The Court will deny Plaintiff's motion. If Plaintiff would like this case to proceed, he must pay the $405 filing fee within twenty-one (21) days of this Order. Without payment of the filing fee, the Court must dismiss this action without prejudice. *See Orr v. Clements*, 688 F.3d at 464 ("If a prisoner is ineligible to proceed under § 1915, then he may still file an action or appeal, but he must pay the full filing fee up front or suffer dismissal").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $405 filing fee within **twenty-one (21) days** of the date of this order, if he wishes for this case to proceed.

**Plaintiff's failure to timely comply with this Order will result in the dismissal of this action, without prejudice and without further notice.**

Dated this 22nd day of January, 2026.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE